UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CHRISTHOPHER J. BARBOZA,
and other similarly situated individuals,

    Plaintiff (s)

v.

RHINO BUSINESS GROUP LLC
a/k/a WESTAR AND CAR WASH,
ANGEL D. CARELA,
and BAZAM ALGHAZAWI, individually,

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff CHRISTOPHER J. BARBOZA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants RHINO BUSINESS GROUP LLC, a/k/a WESTAR AND CAR WASH, ANGEL D. CARELA, and BAZAM ALGHAZAWI, individually and alleges:

1. This is an action to recover money damages for unpaid half-time overtime wages, and retaliation under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff CHRISTOPHER J. BARBOZA is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant RHINO BUSINESS GROUP LLC, a/k/a WESTAR AND CAR WASH (hereinafter WESTAR GAS STATION, or Defendant) is a Florida Profit Corporation with a place of business within the jurisdiction of this Court. At all times material Defendant, WESTAR GAS STATION was and is engaged in interstate commerce.

4. The individual Defendants ANGEL D. CARELA, and BAZAM ALGHAZAWI were and are now the owners/partners/managers and directed operations of the Defendant Corporation WESTAR GAS STATION.

5. All the actions raised in this complaint took place in Miami-Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from the Defendants half-time overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after October 2019, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Corporate Defendant WESTAR GAS STATION is a retail business operating as a Westar gas station, carwash, cafeteria, bakery, and convenience store. This facility is located at 6776 SW 117th Avenue, Miami, Florida 33183, where Plaintiff worked.

8. Plaintiff CHRISTOPHER J. BARBOZA worked previously (since 2018) at Westar Gas Station, when it was under the administration of previous owners Global Impact Group, LLC. However, Plaintiff does not have any claim against this company.

9. Defendants WESTAR GAS STATION, employed Plaintiff CHRISTOPHER J. BARBOZA as a cashier and general store employee, from approximately October 21, 2019, to January 20, 2021, or 65 weeks.

10. Plaintiff was a full time, non-exempted, hourly employee. Within the relevant employment period, Plaintiff was paid at the regular rate of $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

11. Plaintiff's responsibilities included all the duties of a store attendant, including helping customers, cashier, receiving incoming shipments, stocking shelves, handling inventory, managing cash, cleaning floors, and all the work related to a gas station/convenience store operation.

12. During the relevant time of employment with Defendants, Plaintiff worked as follows:

13. <u>1.- From October 21, 2019, to July 31, 2020, or 40 weeks.-</u>

    Plaintiff had a regular schedule. Plaintiff worked 6 days per week, Plaintiff had Fridays off, and he worked the night shift from Mondays to Sundays, from 10:00 PM to 6:00 AM (8 hours each day). Every week Plaintiff completed 53 working hours. Plaintiff was unable to take bonafide lunch periods.  Plaintiff was paid at the rate of $10.00 an hour.

14. <u>2.- From August 01, 2020, to January 20, 2021, or 25 weeks.-</u>

    Plaintiff had a regular schedule. Plaintiff worked 6 days per week, Plaintiff had Saturdays off, and he worked the afternoon shift.  From Mondays to Thursdays Plaintiff worked from 2:00 PM to 12:00 AM (10 hours each day); on Fridays, Plaintiff worked from 1:00 PM to 12:00 AM (13 hours); and on Sundays, he worked from 2:00 PM to 12:00 AM (10 hours). Every week Plaintiff completed 61 working hours. Plaintiff was unable to take bonafide lunch periods.

15. During his entire period of employment, Plaintiff worked more than 40 hours. Plaintiff was paid for all his hours, but he was not paid for overtime hours, as required by the FLSA.

16. Plaintiff did not clock-in and out. Nevertheless, Defendants were able to track the hours worked by Plaintiff and other similarly situated employees, because Plaintiff worked under the supervision of the owners of the business, and because he was under constant security cameras surveillance.

17. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate, for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid weekly with checks or cash, but without any record or paystubs providing basic information such as the total number of days and hours worked, wage rate paid, employee taxes withheld, etc.

19. In addition, as an attendant for the coffee shop and bakery, Plaintiff received tips from customers. Those tips were not subjected to any tip pooling or sharing agreement, and they belong entirely to Plaintiff. Beginning August 2020, Plaintiff was required to turn over his tips. Owner/manager BAZAM ALGHAZAWI began to unlawfully retain an average of $40.00 daily corresponding to the tips received by Plaintiff.

20. Plaintiff was never in agreement with the lack of overtime pay and with the retention of his tips. Plaintiff complained multiple times to the owners of the business.

21. As a result of Plaintiff's complaints, he was fired on or about January 20, 2021.

22. Plaintiff is not in possession of time and payment records, but he will provide a good faith of unpaid overtime based on the best of his recollections.

23. Plaintiff seeks to recover half-time overtime pay for every hour over 40 in a week, that he worked during his entire period of employment with Defendants, plus liquidated damages, and any other remedy allowable by law.

24. Plaintiff is also claiming the reimbursement of his tips that were illegally retained by Defendants. Plaintiff estimated that he is entitled to the reimbursement of approximately $6,000.00 ($40.00 daily tips x 6 days=$240.00 weekly x 25 weeks=$6,000.00).

25. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

26. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

27. This cause of action is brought by Plaintiff CHRISTOPHER J. BARBOZA as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

28. Defendant WESTAR GAS STATION is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating simultaneously as a gas station, carwash, convenience store, and food and beverage business. Defendant uses the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

29. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce by providing services and support to firms and individuals engaged in commerce or the production of goods for commerce. Additionally, Plaintiff routinely handled credit card transactions. Therefore, there is FLSA individual coverage.

30. Defendants WESTAR GAS STATION, employed Plaintiff CHRISTOPHER J. BARBOZA as a store attendant, cashier, and general store employee, from approximately October 21, 2019, to January 20, 2021, or 65 weeks.

31. Plaintiff was a full time, non-exempted, hourly employee. Within the relevant employment period, Plaintiff was paid at the regular rate of $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

32. During the relevant time of employment with Defendants, Plaintiff worked as follows:

33. <u>1.- From October 21, 2019, to July 31, 2020, or 40 weeks.-</u>

    Plaintiff had a regular schedule. Plaintiff worked 6 days per week, a total of 53 hours. Plaintiff was unable to take bonafide lunch periods. Plaintiff was paid at the rate of $10.00 an hour.

34. <u>2.- From August 01, 2020, to January 20, 2021, or 25 weeks.-</u>

    Plaintiff had a regular schedule. Plaintiff worked 6 days per week, a total of 61 hours. Plaintiff was unable to take bonafide lunch periods.

35. During his entire period of employment, Plaintiff worked more than 40 hours. Plaintiff was paid for all his hours, but he was not paid for overtime hours, as required by the FLSA.

36. Plaintiff did not clock-in and out. Nevertheless, Defendants were able to track the hours worked by Plaintiff and other similarly situated employees, because Plaintiff worked under the supervision of the owners of the business, and because he was under constant security cameras surveillance.

37. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate, for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

38. Plaintiff was paid weekly with checks or cash, but without any record or paystubs providing basic information such as the total number of days and hours worked, wage rate paid, employee taxes withheld, etc.

39. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession

and custody of Defendants.  However, the Defendants did not maintain time records of hours worked by Plaintiff and other employees.

40. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime hours are calculated as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. Total amount of alleged half-time unpaid O/T wages:

    Five Thousand Two Hundred Twenty-Five Dollars and 00/100 ($5,225.00)

    b. Calculation of such wages:

    Total time of employment: 65 weeks
    Total Number of relevant weeks: 99 weeks
    Regular rate: $10.00 x1.5=$15.00 O/T hour
    O/T rate: $15.00-$10.00 rate paid= $5.00 O/T half-time difference

    **1.- O/T from October 21, 2019, to July 31, 2020, or 40 weeks.-**

    Total Number of relevant weeks: 40 weeks
    Total number of hours worked: 53 hours weekly
    Total number of overtime hours: 13 O/T hours
    Regular rate: $10.00 x1.5=$15.00 O/T hour
    O/T rate: $15.00-$10.00 rate paid= $5.00 O/T half-time difference

    Half-time O/T rate $5.00 x 13 O/T hrs.=$65.00 weekly x 40 weeks=$2,600.00

    **2.- O/T from August 01, 2020, to January 20, 2021, or 25 weeks**

    Total Number of relevant weeks: 25 weeks
    Total number of hours worked: 61 hours weekly
    Total number of overtime hours: 21 O/T hours
    Regular rate: $10.00 x1.5=$15.00 O/T hour
    O/T rate: $15.00-$10.00 rate paid= $5.00 O/T half-time difference

      Half-time O/T rate $5.00 x 21 O/T hrs.=$105.00 weekly x 25 weeks=$2,625.00

      Total #1 and # 2: 5,225.00

    c. <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid overtime wages.

42. At all times material, the Employers/Defendants WESTAR GAS STATION, ANGEL D. CARELA, and BAZAM ALGHAZAWI failed to comply with Title 29 U.S.C. §207 (a)(1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

43. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

44. At the times mentioned, individual Defendants ANGEL D. CARELA, and BAZAM ALGHAZAWI were the owners and operators of WESTAR GAS STATION. Defendants ANGEL D. CARELA, and BAZAM ALGHAZAWI were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. These individual Defendants acted directly in the interests of corporate Defendant WESTAR GAS STATION concerning its employees, including Plaintiff and others similarly situated. Defendants ANGEL D. CARELA, and BAZAM

ALGHAZAWI had financial and operational control of the Corporation, They were responsible for Plaintiff and other similarly situated employees' working conditions, and they are jointly and severally liable for Plaintiff's damages.

45. Defendants WESTAR GAS STATION, ANGEL D. CARELA, and BAZAM ALGHAZAWI willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

46. Plaintiff seeks to recover unpaid overtime wages accumulated during his relevant time of employment with Defendants as allowable by law.

47. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff CHRISTOPHER J. BARBOZA and other similarly situated individuals and against the Defendants WESTAR GAS STATION, ANGEL D. CARELA, and BAZAM ALGHAZAWI based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff CHRISTOPHER J. BARBOZA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff CHRISTOPHER J. BARBOZA demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 U.S.C. 215(a)(3); AGAINST ALL DEFENDANTS

48. Plaintiff CHRISTOPHER J. BARBOZA re-adopts every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

49. Defendant WESTAR GAS STATION is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating simultaneously as a gas station, carwash, convenience store, and food and beverage business. Defendant uses the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

50. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce by providing services and support to firms and individuals engaged in commerce or the production of goods for commerce. Additionally,

Plaintiff routinely handled credit card transactions. Therefore, there is FLSA individual coverage.

51. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

52. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

53. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

54. Defendants WESTAR GAS STATION, and LISANDRO PREVETTE-RUBINO employed Plaintiff CHRISTOPHER J. BARBOZA as a cashier and general store employee, from approximately October 21, 2019, to January 20, 2021, or 65 weeks.

55. Plaintiff was a full time, non-exempted, hourly employee. Within the relevant employment period, Plaintiff was paid at the regular rate of $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

56. During the relevant time of employment with Defendants, Plaintiff worked as follows:

57. <u>1.- From October 21, 2019, to July 31, 2020, or 40 weeks.-</u>

   Plaintiff had a regular schedule. Plaintiff worked 6 days per week, a total of 53 hours. Plaintiff was unable to take bonafide lunch periods. Plaintiff was paid at the rate of $10.00 an hour.

58. <u>2.- From August 01, 2020, to January 20, 2021, or 25 weeks.-</u>

    Plaintiff had a regular schedule. Plaintiff worked 6 days per week, a total of 61 hours. Plaintiff was unable to take bonafide lunch periods.

59. During his entire period of employment, Plaintiff worked more than 40 hours. Plaintiff was paid for all his hours, but he was not paid for overtime hours, as required by the FLSA.

60. Plaintiff did not clock-in and out. Nevertheless, Defendants were able to track the hours worked by Plaintiff and other similarly situated employees, because Plaintiff worked under the supervision of the owners of the business, and because he was under constant security cameras surveillance.

61. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

62. Plaintiff was paid weekly with checks or cash, but without any record or paystubs providing basic information such as the total number of days and hours worked, wage rate paid, employee taxes withheld, etc.

63. In addition, as an attendant for the coffee shop and bakery, Plaintiff received tips from customers. Those tips were not subjected to any tip pooling or sharing agreement, and they belong entirely to Plaintiff. Beginning August 2020, Plaintiff was required to turn over his tips. Defendants began to unlawfully retain an average of $40.00 daily corresponding to tips received by Plaintiff.

64. Plaintiff was never in agreement with the lack of overtime pay and with the retention of his tips. Plaintiff complained multiple times to the owner of the business.

65. These complaints constituted protected activity under the FLSA.

66. As a result of his complaints, Plaintiff was fired on or about January 20, 2021.

67. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

68. There is closed proximity between Plaintiff's protected activity and his termination.

69. The motivating factor which caused Plaintiff's discharge as described above was his complaints seeking unpaid overtime wages, and the reimbursement of tips unlawfully retained by the Defendants. In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages, and his retained tips.

70. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

71. Plaintiff CHRISTOPHER J. BARBOZA has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff CHRISTOPHER J. BARBOZA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants WESTAR GAS STATION, ANGEL D. CARELA, and BAZAM ALGHAZAWI that Plaintiff CHRISTOPHER J. BARBOZA recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants WESTAR GAS STATION, ANGEL D. CARELA, and BAZAM ALGHAZAWI to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff CHRISTOPHER J. BARBOZA further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff CHRISTOPHER J. BARBOZA demands trial by a jury of all issues triable as of right by a jury.

DATED: February 9, 2021

                                                Respectfully submitted,

                                                By:  **/s/ Zandro E. Palma**
                                                ZANDRO E. PALMA, P.A.
                                                Florida Bar No.: 0024031
                                                9100 S. Dadeland Blvd.
                                                Suite 1500
                                                Miami, FL 33156
                                                Telephone: (305) 446-1500
                                                Facsimile:  (305) 446-1502
                                                zep@thepalmalawgroup.com
                                                *Attorney for Plaintiff*